The next case on the calendar is Arricchio v. Chalecki. Take these out. It makes coarse feedback. Can you turn them off? Turn them off. Take the batteries out. Check. Check. Can you hear me? Can you hear me? Too loud. Too loud? I'll step back a little bit. Is that a little better? Turn it down. All right. Go ahead. Try it. Can you... Control the volume here. Control the volume here. Is this it? Oh. Oh. Okay. Okay. Check. Check. Testing. One, two, three, four, five, six. Is this too loud? It's down all the way. It's doing well. Okay. Check. Is that okay? Yeah, that'll work. Okay. Just to address the court, I'm his son. This is Frank Arricchio. I'm Wayne. He can't see good enough to orate by reading. So you're going to assist him in presenting his argument? I'm going to read his... And are you able to hear me now? Can you hear me? Yes, but it's coming in loud. I'll speak up. All right. It's coming in loud. I'll speak more quietly. Thank you. I got it all the way down. It really works pretty good. All right. Proceed. Okay. That's fine. Good. Thank you. Okay. Good morning, Your Honors. I would like to preface my appeal by stating that my position is that Judge Shea's most important error is that he completely failed to address the constitutional facts of the case and only addressed the procedurals. However, out of respect for his court, I will address Judge Shea's procedural errors first and constitutional errors after. While Judge Shea claims to have made every effort to locate the testimony from Frank Arricchio's deposition of 265 pages and of the pages of the transcript for issues of fact and controverting factual statements, it appears Judge Shea completely neglected all of Frank Arricchio's motions, memorandums, affidavits, and their corresponding exhibits, which were specifically directed to Judge Shea and highlighted specifically portions of the deposition pages in the exhibits, in the index of the exhibits. In other words, he has specific pages with highlighted statements corresponding with each motion and affidavit and so on, and indexed to correspond. As far as the violations test, the violations did not exist and so on and so forth. Although Judge Michael B. Shea admits on pages four and five of his judgment on motions, his rulings on motions, that the defendant in the town filed a lawsuit in Connecticut Superior Court to enforce a cease and desist order, out of multiple cease and desist orders, that the Superior Court entered a verdict for New England Rebuilders, which was solely based on claims by the defendant, Chaliki, that the town of Franklin claims New England Rebuilders had been in violation of those claims in a complaint, Judge Shea seems to be confused as to whether or not any violations existed. I believe that's the reference page four, paragraph five. He seems to be confused as to whether violations existed or not. Error, Judge A fails to acknowledge that the litigation and adjudication was solely based on the facts of the claims that violations did exist on the property which Judge Luba did not find and did not exist and overruled said claim. Another error, simply put, if a violation did exist on the property, New England Rebuilders would have been found guilty, and if a violation did not exist on the property, New England Rebuilders would have been found innocent. New England Rebuilders was found innocent in that trial in Superior Court. Another one of the claims is that the plaintiff, Frank, lacks standing based on the fact that they conflate the two people, Frank Riccio and New England Rebuilders. Okay, on page one, paragraph one of Judge Shea's rulings on motions, Judge Shea states, agrees that Frank Riccio brings this lawsuit pro se against Mr. Tulecki, the defendant, and further states that it is a case about two pieces of property by the plaintiff and owned by New England Rebuilders, which is not a party in the lawsuit. It is not a real estate, it is not about real estate property. The amendment states effects, and a person is not generally a real estate property. They would not necessarily be visual effects. On page eight, paragraph two, line five of Judge MPS, wrote that, of the rulings on the motions, it is a fact that plaintiff was still individually conducting use of property, doing business as Frank Riccio on 557 Pond Road, when New England Rebuilders purchased the property from DSDC to Hill. The error subparts herein show unequivocal that Frank Riccio brought this litigation against Defendant Tulecki based solely on the rights of Frank Riccio regarding Frank's rights and liberties to perform his conduct of abuses as entity doing business as Frank Riccio and not New England Rebuilders. Frank Riccio is not re-litigating the case for New England Rebuilders versus Tulecki, since it has already been litigated and adjudicated in favor of New England Rebuilders. Judge Stacey. This is the order in 2007. Second, please. This is the order in 2007. The town sued to enforce, I'm sorry, the town sued to enforce an order, a cease and desist order in 2007, but New England Rebuilders won that litigation, if I understand. Yes, they did. That's correct. But we're making a distinction between New England Rebuilders. They're conflating the two. He's not New England Rebuilders. He's Frank Riccio. And as the judge pointed out, he's Frank Riccio, suing as Frank Riccio for his own litigation. The New England Rebuilders has already been litigated and adjudicated. Okay. I'm sure you picked up on that. I'm talking to you like you don't know what I'm talking about. Congratulations. Carefully. You haven't reserved any rebuttal time, and the red light is on. Why don't you finish your thought, and then we'll hear from. . . Well, I think the thought, I think probably the whole thing probably, if I have to guess, and I have to speak for him because of the time element, we didn't know how this process works, okay? I think the whole thing basically is, is he a separate entity doing his own separate case for his own separate damages, A, which I think that's pretty evident. But the other part is, you know, is there any damages in the ripeness, the final judgment, final decision, I should say, okay, which he addressed here in length, but we'll never have time to read it, okay? But basically, I guess what it amounts to is that if it's futile or remedial or redundant or irrelevant to pursue something where there's no violations, that's not what he's there for. He's suing for damages to himself based on the violation, based on the damages that were caused to another case that has no violations, that the judge could find no violations in except, you know, so ruled that no violations existed. So they want him to appeal it, and if he is a second party instead of a third party, to appeal it based on violations that don't exist or to go to a court, a superior court where they already found that there's no violations existed. It's futile. It's redundant. It's remedial. It's irrelevant, pointless. I think that's the main points, if I'm not mistaken. I'm sure he's got plenty more points, but. So why don't we hear from your adversary. The two of you should be seated up here. And Mr. Verricchio, if you're unable to hear, please let us know. If you're unable to hear, please let them know. Pardon? If you're unable to hear, please let them know. She's going to, the opposing counsel is going to read their part, and you'll have a small chance of a minute or so to rebut it. All right. So listen carefully to what she says. Can you, did you hear me? Listen carefully to what the opposing counsel says, because you're going to have to address it. All right. Okay? All right, sit down, please. Good morning, judges of the Court of Appeals. My name is Catherine Ruhle, and I represent the defendant appellee, Ronald Chaleky, in this matter. Mr. Chaleky is the zoning enforcement officer for the town of Franklin, Connecticut. This case stems from cease and desist orders issued by the defendant, Ronald Chaleky, to the owner of the property, New England Rebuilders. The property at issue is two plots on Pond Road in Franklin, Connecticut. The cease and desist orders were issued due to noncompliance, including outdoor storage of abandoned vehicles, as well as someone living on a trailer on the site. A series of letters were sent to New England Rebuilders, the last being on May 20, 2008. This letter also set forth that New England Rebuilders could appeal and attach an appeal form to the owner of the property. Notably, all of this back and forth occurred between Mr. Chaleky and the owner of the property, which was New England Rebuilders, not Frank Ferrecchio. The defendants submit that the motion for summary judgment ruling issued by the district court should be affirmed for the following reasons. There are some jurisdictional reasons that the district court found that plaintiff's claims could not stand, the first being standing. Plaintiff does not have standing to pursue his claims, except for his fourth amendment claim as a lessee. He cannot enforce the rights of the owner of the property, who is New England Rebuilders. There's no evidence that New England Rebuilders was unable to litigate this case on its own. And there is no evidence that they authorized the plaintiff to bring this case on their behalf. The other jurisdictional basis upon which the district court dismissed the claims of the defendant, excuse me, of the plaintiff was ripeness. And these had to do with the takings claims, the equal protection claim, and the due process claim. There was no final decision issued by the defendant pursuant to Williamson. No application for a variance was filed, and no appeal was filed as to any findings. As to the claims on the merits, the district court did find that the plaintiff had standing to pursue his fourth amendment claim as a lessee. But there was no evidence of a search and a seizure in the record. And the plaintiff also cited many additional constitutional claims, including six amendment claim to a right to speedy trial, which only applies to criminal cases. Eighth amendment protection against excessive bail and fines, which were not an issue in this case. Ninth amendment, tenth amendment claims, which does not protect specific personal rights. He also filed a claim under the ex post facto clause, which the district court properly found does not govern civil cases. He also alleged claims under federal criminal statutes, which fail as they do not provide a private right of action. He also alleged a freestanding 1983 claim, which the district court properly found could not be alleged as a freestanding claim. 1981 and 1982 claims, which the district court properly dismissed as there is no evidence of racial discrimination. And in conclusion, your honor, the defendant requests that this honorable court affirm the district court's decision granting the motion for summary judgment. Thank you. I find that the defendant is out of context here. First of all, in the beginning, we have to talk about the undisputed fundamental material facts in this case. There's a lease, leasing filed in the public town records in the town of Franklin on June 1st, 2001. The chapter seven, this is the second fact here, the chapter seven, 7.2 and 7.24, permitted by right in the C2 district of the town of Franklin. The superior court trial on April 22nd, 2008 is the decision to the New England Rebuilders. The reissue of the case by Mr. Trelecky adjudicated in the court and in that court was in the favor of New England Rebuilders. The case now is the fact that me, myself here, as the complainant in this case, is under lease. I have a lease on the property, I'm the leasee. The complaint of New England Rebuilders or whatever advocate is in the case about in this case about New England Rebuilders has no effect on the fact that I am the leasee. The leasee is like the owner of the property while the lease is in effect. Everything that happened on that property is under the leasee and New England Rebuilders is out of context with this case. Thank you for your argument. I understand you've made a motion to expand the record to include that lease. We're all very familiar with it. And we understand your argument that the lease provides you with standing and we'll consider that argument. We have to look at the law and apply the rules that we understand about standing, but we understand your argument, including the effect of the lease. I don't know if I'm supposed to answer it now. You presented your argument very well. Thank you both and thank your son for coming today and assisting your father. Thank you. Take the matter under submission and that concludes the argued cases today. We have one other case that's on submission, but I'll ask the clerk to adjourn court. Court is adjourned.